United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DUSTIN MIGUES,

    Plaintiff,

    v.

STATE FARM INSURANCE COMPANIES FIRE CLAIMS,

    Defendant.

Case No. 23-cv-00027-RS

**ORDER GRANTING MOTION TO DISMISS**

Pursuant to Civil Local Rule 7-1(b), the motion of defendant State Farm General Insurance Company (erroneously named as "State Farm Insurance Companies Fire Claims") to dismiss the complaint brought by *pro se* plaintiff Dustin Migues is suitable for disposition without oral argument and the hearing set for March 23, 2023, is vacated. Because this is a motion to dismiss, the only documents properly considered are the complaint, originally filed in state court, a copy of which is attached as exhibit 1 to the Notice of Removal (Dkt. No. 1), the moving papers (Dkt. Nos. 2 and 3), the opposition Migues timely filed on January 5, 2023 (Dkt. No. 13), and defendant's reply brief (Dkt. No. 15). In light of Migues' status as a *pro se* litigant, however, his letter filed January 7, 2023, (Dkt. No. 7), and his additional opposition brief filed February 7, 2023, (Dkt. No. 19), have also been reviewed.[1]

---

[1] Migues is advised that going forward he must ensure that his filings comply with the Federal Rules of Civil Procedure and the Civil Local Rules.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted).

Here, the complaint is not entirely clear, but appears to allege that State Farm has denied claims Migues has made under an insurance policy he purchased from the company. State Farm requests judicial notice of a copy of the policy, a "Renters Policy." Migues has not challenged the authenticity of the document or disputed that it represents the policy under which his claims are made. The policy identifies the residence premises to which it applies as 333 12th St. Apt. 709 in San Francisco. The complaint alleges that 333 12th St. was purchased by San Francisco's Department of Homelessness and Supportive Housing, and that Migues is now unable to return to his residence "due to the actions of the City & County of San Francisco through government agencies and contractors."

The complaint expressly seeks compensation "under Coverage C— Loss of Use due to housing realities in San Francisco," although the complaint also identifies Coverage C as being associated with a loss arising from "Riot or Civil Commotion." The complaint does not allege any riot or civil commotion, or resulting loss. Furthermore, as actually described in the policy, Coverage C potentially applies only when "a loss insured causes the residence premises to become

uninhabitable." Where applicable, Coverage C provides for payment of "the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months" or, in certain circumstances, 36 months.[2] No facts are alleged, however, that the premises were uninhabitable, much less that they became uninhabitable as the result of a loss insured under the policy. The complaint also refers to "Personal Liability Coverages and Limits under a state of emergency," but does not allege Migues incurred personal liability and it does not identify any state of emergency.

The caption of the complaint titles the claims as "1. Bad Faith Insurance Claim" and "2. Hate Crime Emotional Distress." The "bad faith" presumably relates to Migues' contention that his claims should have been paid, but the complaint includes no facts supporting a contention that the denial was in bad faith. There are no allegations to support the label "hate crime," which would not be a civil claim in any event.

Migues' January 10th letter addressed to the magistrate judge then presiding over this action describes some of his personal history and wrongs committed against him by various persons and entities. The letter asserts that San Francisco Pride was shut down by "hate crime activity." The letter is unclear as to what, if any, relationship Migues contends there is between the "hate crime activity" he mentions and the conduct of State Farm or his claims in this case.

Migues' opposition timely filed on January 25th contains only the assertions that he "does not agree with the motion to dismiss," that State Farm sold the policy in California and retained California counsel, that the loss is "specifically listed" in the policy, and that this lawsuit is a "valid claim/case." Migues' unauthorized further opposition filed on February 7th, adds nothing of substance to the analysis. Migues complains that counsel for State Farm promised to communicate

---

[2] Migues argues the policy expressly references California Government Code § 8558, a section which defines "state of emergency." Indeed, it does, specifically in the context of explaining the conditions under which loss of use expenses may be paid for an additional 12 months. There is no dispute, however, that California law applies to this policy and to the parties' respective rights and obligations. No facts are alleged in the complaint about any state of emergency that would implicate § 8558 or the extended coverage period.

CASE NO. 23-cv-00027-RS
3

a settlement demand to his client but failed to do so, and that State Farm and the agent who sold the policy are now unwilling to communicate with him directly. While Migues asserts "hate crime activity falls under bound policy verbiage," and that the attack on San Francisco Pride 2022 made national news, he offers no intelligible argument as to why the allegations in his complaint are sufficient to show a plausible claim that State Farm was obligated by the terms of the Renters Policy to pay a claim under "Coverage C— Loss of Use" or any other policy provisions. He has alleged no facts to support a claim that his residence was made uninhabitable by any loss covered by the policy.

The complaint therefore must be dismissed. In light of Migues' status as a pro se litigant, he will be given the opportunity to file an amended complaint. Migues is encouraged to make use of the resources available to self-represented litigants, as described in the flyer and handbook provided to him with the Notice and Order filed by the magistrate judge at Dkt. No. 8.

Any amended complaint must be filed by April 21, 2023. If no amended complaint is filed, this action will be closed without further notice.

**IT IS SO ORDERED**.

Dated: March 17, 2023

_____
RICHARD SEEBORG
Chief United States District Judge