UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN MIGUES,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE FARM INSURANCE COMPANIES FIRE CLAIMS, et al.,<br><br>        Defendants. | Case No. 23-cv-00027-RS<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT** |

Pursuant to Civil Local Rule 7-1(b), defendant State Farm General Insurance Company's motion to dismiss the amended complaint filed by *pro se* plaintiff Dustin Migues is suitable for disposition without oral argument and the hearing set for July 20, 2023, is vacated. As set forth in more detail in the order dismissing the original complaint in this action, Migues appears to contend he is entitled to compensation for "loss of use" of his rental residence under a renter's insurance policy issued by State Farm.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

1   A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil
2   Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation*
3   *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be
4   based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts
5   alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation
6   omitted).

7   The order dismissing the initial complaint advised Migues he had to set forth factual
8   allegations to show a plausible claim that State Farm was obligated by the terms of the Renters
9   Policy to pay him benefits under "Coverage C— Loss of Use" or any other policy provisions, as
10  he had alleged nothing suggesting his residence was made uninhabitable by any loss covered
11  under the policy. Migues was also expressly encouraged to take advantage of the resources
12  available to self-represented litigants as described in materials that had previously been provided
13  to him.

14  Migues's amended complaint includes *no* additional factual allegations. Rather, it merely
15  states "I purchased insurance in good faith. [Defendant] denied coverage purchased in good faith."
16  This conclusory assertion is insufficient to support a claim that Migues' residence was
17  uninhabitable as the result of a loss as defined in the policy or that he is otherwise entitled to
18  relief.

19  Migues's opposition to the motion to dismiss makes no effort to defend the adequacy of
20  complaint. Instead, the opposition complains of difficulties in obtaining a copy of policy
21  documents, although Migues acknowledges eventually receiving a "Certified Policy Record."
22  Migues also complains he has received no response or counteroffer to a settlement demand he
23  made. Neither of those matters, however, has any bearing on whether the complaint adequately
24  alleges a claim.

25  The motion to dismiss must be granted. Although Migues's status as a self-represented
26  litigant requires he be given some latitude, nothing in his original complaint, his amended
27  complaint, or any of his other submissions suggests there is any possibility that he could allege
28

additional facts that would support a cognizable claim. Accordingly, no further leave to amend will be granted.  The complaint is dismissed. A separate judgment will issue.

**IT IS SO ORDERED**.

Dated: July 6, 2023

_____
RICHARD SEEBORG
Chief United States District Judge